IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REPHEKA PERSADI, by her legal guardian, FRANKA PERSADI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:12-cv-04072-TWT |
| THE FULTON COUNTY SCHOOL DISTRICT; FRANCES BOYD, in her individual and her official capacity as former Principal of Hopewell Middle School; and MELANIE PICKENS, in her individual and her official capacity as former Special Education teacher at Hopewell Middle School, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT MELANIE PICKENS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW Melanie Pickens, a Defendant in the above-referenced case, and files this, her Motion to Dismiss and Memorandum of Law in Support Thereof.

As shown below, Plaintiff has failed to state a viable claim against Pickens. First, Plaintiff's Complaint fails to plead a plausible claim for relief. Second, at the very least, Plaintiff has failed to state a viable 42 U.S.C. § 1983 substantive due process claim against Pickens. Third, Plaintiff's § 1983 official capacity

substantive due process claim is duplicative of her § 1983 substantive due process claim against the Fulton County School District. Finally, Plaintiff's state law claims against Pickens in her official capacity should be dismissed because they are essentially claims against the School District and thus are barred by sovereign immunity. Accordingly, Plaintiff's claims against Pickens should be dismissed in their entirety.

## I.   BACKGROUND

Plaintiff is a disabled individual with Downs Syndrome, visual and hearing problems, and other medical and developmental issues. She suffers from severe intellectual disabilities and speech impairment. (Compl., ¶ 9). Plaintiff attended Hopewell Middle School from 2004 to 2007. (Compl., ¶ 10). Pickens was a special education teacher at Hopewell Middle School and Plaintiff's teacher. (Compl., ¶¶ 6, 10). During the 2006-2007 school year, there were four students in Pickens' class, including Plaintiff. (Compl., ¶ 13).

One of Plaintiff's classmates brought an administrative claim against Pickens in the Georgia Office of State Administrative Hearings. In a decision issued on February 1, 2012, the hearing officer concluded that

> "[w]ith respect to the general classroom environment, the undisputed evidence is that Pickens would scream at all the children . . . every day. She would burp in their faces, shake and press her breasts in their faces, and press

her buttocks into their faces and pass gas. When she took the children out into the community on outings, she would curse at them." In addition, "Pickens often used vulgarities in front of her students, calling them 'little fuckers' and 'little shits." The Decision also reported, with regard to [Plaintiff] specifically, that Pickens had been observed spraying her with Lysol and putting her out in the hallway after [Plaintiff] passed gas.

(Compl, ¶ 12).   The Complaint alleges that the atmosphere to which Plaintiff was subjected was "claustrophobic and terrifying, and even when she was not Pickens' direct target, she was (as the Decision described the situation of the students) 'a helpless observer of the abuse of others.'" (Compl., ¶ 13).

Based solely on the fact that Plaintiff was in Pickens' classroom, Plaintiff alleges "upon information and belief" that Plaintiff abused her by engaging in the conduct described above. (Compl., ¶ 21).

Plaintiff filed this lawsuit on November 21, 2012. Pickens is named as a defendant in both her individual and official capacities. (Comp., ¶ 6). Also named as Defendants are the Fulton County School District and Frances Boyd (the principal at Hopewell). In Count I, Plaintiff asserts a substantive due process claim against Pickens pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. (Compl., ¶¶ 25-28). In Count IV, Plaintiff asserts state law claims against Pickens for battery, intentional infliction of emotional distress, negligence and negligence per se. (Compl., ¶¶ 45-49).

With respect to Plaintiff's IIED claim, Plaintiff alleges that she has suffered fear, anxiety and developmental setbacks. (Compl., ¶ 47).   Plaintiff seeks compensatory damages for the violation of her rights and for her pain and suffering, including mental and emotional pain and suffering. (Compl., ¶ 55).   In addition, Plaintiff seeks attorney's fees with respect to her substantive due process claim pursuant to 42 U.S.C. § 1988 and attorney's fees with respect to her state law claims pursuant to O.C.G.A. § 13-6-11. (Compl., ¶ 58).

## I.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiff's Complaint Should Be Dismissed Because It Fails To Allege A Plausible Claim For Relief Against Pickens

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The purpose of this requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).   When the sufficiency of a complaint is challenged on a Rule 12(b)(6) motion to dismiss, the court considers whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."   Id. at 570.

The Supreme Court has emphasized that Rule 8(a)(2) demands more from a plaintiff "than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   The Court emphasized that a

complaint does not suffice if it tenders "naked assertions" devoid of further factual enhancement, or if it offers labels and conclusions or a formulaic recitation of the elements of a cause of action. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; see also Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) (stating that "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal"). To survive a Rule 12 motion to dismiss, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Twombly, 550 U.S. at 570. "Where a complaint pleads facts that are merely consistent with a defendants' liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (punctuation and citation omitted).

In this case, the Complaint merely alleges facts that raise the possibility that Pickens may have acted unlawfully toward Plaintiff.   The only allegation of

maltreatment by Pickens directed specifically at Plaintiff is the allegation that Pickens sprayed her with Lysol and placed her in the hallway after Plaintiff passed gas in the classroom. (Compl., ¶ 12).  The remaining allegations are derived from an administrative ruling – issued in a proceeding in which Pickens was not a party and was not called to testify -- describing conduct allegedly engaged in by Pickens in her classroom in general.

Distilled to its essence, Plaintiff alleges that because the administrative ruling concluded that Pickens engaged in the described conduct toward students in her classroom, Pickens must have directed the described conduct toward Plaintiff as well.   For this reason, Plaintiff only alleges "upon information and belief" that Pickens screamed at her on a daily basis, burped in her face, pressed her buttocks in Plaintiff's face, etc.  (Compl., ¶ 21).   In other words, the Complaint merely raises the possibility that Pickens may have mistreated Plaintiff.

Allegations that Pickens may have mistreated Plaintiff are insufficient to state a claim for relief under the standards set forth in Iqbal and Twombly.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

**B.    Plaintiff's Substantive Due Process Claim Against Defendant Pickens Should Be Dismissed Because Plaintiff Has Failed To State A Viable Substantive Due Process Claim**

"The Due Process Clause protects individuals against arbitrary exercises of government power, but 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" T.W. ex rel. Wilson v. Sch. Bd. of Seminole County, Fla., 610 F.3d 588, 598 (11th Cir. 2010) (citing County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998)).  "To be arbitrary in the constitutional sense, an executive abuse of power must shock the conscience." Id. (internal quotation marks and citation omitted).

The Eleventh Circuit explained this standard as follows:

> "[T]he constitutional concept of conscience shocking duplicates no traditional category of common-law fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability."  The Due Process Clause does not impos[e] liability whenever someone cloaked with state authority causes harm. " [citation omitted].  [C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."  Both this Court and the Supreme Court have "said repeatedly that the Fourteenth Amendment is not a 'font of tort law' that can be used, through section 1983, to convert state tort claims into federal causes of action."

T.W., 610 F.3d at 598 (citations omitted).

The Eleventh Circuit has cautioned courts "to remain vigilant in policing the boundaries separating tort law from constitutional law." Nix v. Franklin County School District, 311 F.3d 1373, 1378 (11th Cir. 2002). Thus, "even intentional wrongs seldom violate the Due Process Clause." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1305 (11th Cir. 2003). Accordingly, courts will impose liability for substantive due process claims only in "extraordinary cases." T.W., 610 F.3d at 602 (quoting Nix, 311 F.3d at 1379).

### 1. The Eleventh Circuit's Framework For Analyzing Substantive Due Process Claims In School Setting

In order to determine whether the use of force in the school context violates a student's substantive due process rights, the court must first determine whether the force at issue constitutes corporal punishment for purposes of substantive due process analysis. T.W., 610 F.3d at 598. To make this determination, "[t]he key inquiry is not what form the use of force takes but whether the use of force is related to the student's misconduct at school and . . . for the purpose of discipline." Id. at 598-99 (quoting Neal ex rel. Neal v. Fulton County Bd. of Ed., 229 F.3d 1069, 1073 (11th Cir. 2000)).

If the use of force at issue constitutes corporal punishment, the plaintiff must show at a minimum that "(1) a school official intentionally used an amount of force that was obviously excessive under the circumstances, and (2) the force used

presented a reasonably foreseeable risk of serious <u>bodily</u> injury." <u>Peterson v.</u>

<u>Baker,</u> 504 F.3d 1331, 1337 (11th Cir. 2007); <u>Neal,</u> 229 F.3d at 1075 (emphasis

added).    The Eleventh Circuit has further explained this framework as follows:

> The evidence must support a reasonable inference that the
> punishment is "obviously excessive" as an objective matter
> and that [the teacher] "subjectively intend[ed] to use that
> obviously excessive amount of force in circumstances where
> it was foreseeable that serious bodily injury could result."
> To determine whether a use of force is "obviously excessive,
> we consider the totality of the circumstances." Three factors
> are particularly relevant: "(1) the need for the application of
> corporal punishment, (2) the relationship between the need
> and amount of punishment administered, and (3) the extent
> of the injury inflicted."    Because *Neal* instructs us to
> consider the totality of the circumstances, we also take into
> account [the student's] disability.

<u>T.W.,</u> 610 F.3d at 599 (citing <u>Neal,</u> 229 F.3d at 1075 & n.3).

The Eleventh Circuit has stated that "[t]he kind of minor injury suffered by a

student during the administration of traditional corporal punishment will rarely, if

ever, be the kind of injury that would support a federal due process claim for

excessive corporal punishment" under the test set forth above. <u>Neal,</u> 229 F.3d at

1076.  "In sum, a student's substantive due process rights are implicated when

excessive corporal punishment is 'so brutal, demeaning and harmful as literally to

shock the conscience of the court.'" <u>Id</u>. at 1075 (citation omitted).

Concerning use of force that does not constitute corporal punishment, the Eleventh Circuit in T.W. acknowledged that "[t]his Court has yet to articulate the analysis that applies when a school official's use of force does not constitute corporal punishment." T.W., 610 F.3d at 599.   The Eleventh Circuit in T.W. declined to determine the precise analysis that courts should employ in evaluating whether the use of force by a school official rises to the "shocks the conscience" level. Id.   However, the Eleventh Circuit in T.W. observed that "'[a] range of teacher conduct exists that is neither corporal punishment nor so conscience-shocking as to trigger a substance due process violation.'" Id. (quoting Peterson, 504 F.3d at 1357 n.4).  "It is this range of conduct for which state tort law might be the appropriate source of relief." Peterson, 504 F.3d at 1357 n.4.

> ### 2.   The Eleventh Circuit Has Rejected Substantive Due Process Claims Involving Far More Egregious Conduct And Severe Injuries Than Those Alleged By Plaintiff In This Case

A survey of Eleventh Circuit case law demonstrates how serious a student's injury must be and how extreme a school official's conduct must be to prevail on a substantive due process claim in the school setting.

For example, in T.W., the plaintiff, who suffered from autism, pervasive developmental disorder and other impairments, alleged that his teacher used profanity in her classroom daily and directed it to the plaintiff and other students.

The teacher told the plaintiff that he stinks and called him lazy, as asshole, a pig and a jerk. T.W., 610 F.3d at 594.   The teacher (who weighed about 300 pounds) used physical force on the plaintiff (who weighed approximately 150 pounds) on five separate occasions, which involved placing the plaintiff in a "cool down" room and/or physically restraining him in inappropriate ways. Id. at 595-96.

The plaintiff's mother observed bruises on the plaintiff's lower arms on two occasions, but she never sought medical treatment for these bruises. Id. at 596. The plaintiff also asserted that he suffered from post-traumatic stress syndrome as a result of the teacher's physical and verbal abuse of the plaintiff and his classmates.   More specifically, the plaintiff asserted that, because of the teacher's abuse of him and his classmates, he (1) had trouble sleeping; (2) developed trust issues and panic attacks: (3) started "urinating all over the place"; (4) cried to and from school; (5) refused to close doors; (6) had increased anger; (7) suffered a decrease in his adaptive functioning; and (8) dropped out of school because of the distress and inability to feel safe at school.  Id.

The Eleventh Circuit concluded that all but one of the teacher's uses of force constituted corporal punishment, that there was a need for the use of force and that the use of force was not excessive. Id. at 600-01.  Regarding the third prong of the analysis, the Eleventh Circuit noted that the extent and nature of the injury is an

important factor in the analysis and that the plaintiff only suffered minor injuries for which he never received medical treatment and appeared to suffer only transient pain. Id. at 601.

The Eleventh Circuit noted that, unlike previous decisions, the plaintiff also had presented evidence of psychological injury, including aggravation of his developmental disability, exacerbation of his behavior problems and symptoms of post-traumatic stress disorder. Id. at 601.   The Eleventh Circuit addressed the plaintiff's psychological injuries as follows:

> This Court has never considered whether corporal punishment that causes only psychological injures can amount to a violation of substantive due process.  We are mindful that students like T.W., who suffer from severe developmental disabilities, are particularly vulnerable to psychological harm, and that psychological injuries can be as traumatic, if not more traumatic, than physical injuries.  It is clear that "plaintiffs have not fared well where psychological damage forms either the sole basis of or is an element of the plaintiff's substantive due process claim," but we can imagine a case where an exercise of corporal punishment – even one that causes only psychological injury – might be so severe that it would amount to torture equal to or greater than the stomach pumping abuse condemned in Rochin [v. California, 342 U.S. 165 (1952].
>
> We need not decide whether corporal punishment that causes only psychological harm is categorically below the constitutional threshold.

Id. at 601 (citations omitted) (emphasis added).   The Eleventh Circuit concluded that, after considering all of the circumstances, including the plaintiff's psychological injuries, that the teacher's conduct did not violate the plaintiff's substantive due process rights. Id.

The Eleventh Circuit has rejected other substantive due process claims involving allegations of inappropriate use of force on a student.  Peterson v. Baker, 504 F.3d 1331, 1337 (11th Cir. 2007) (no substantive due process claim where teacher grabbed student by neck and allegedly squeezed student's neck to the point where student had difficulty breathing, and noting that student's injury was not serious notwithstanding slight bruising, red marks on neck and temporary loss of breath); Mahone v. Ben Hill County School System, 377 Fed.Appx. 913, 914, 916-17 (11th Cir. 2010) (no substantive due process claim where physical education teacher allegedly shoved sixth grade special education student's head in a trash can and pulled him out by his legs); Dacosta v. Nwachukwa, 304 F.3d 1045, 1047-49 (11th Cir. 2002) (no substantive due process claim when college instructor slammed door in student's face, student's arm became lodged in shattered glass pane of door, instructor violently swung door several times to knock student back from door, and instructor reached through the cracked glass pane and shoved

student's face trying to dislodge her arm from door; plaintiff incurred over $5,000 in medical expenses for treatment).

The Eleventh Circuit has only allowed substantive due process claims where the plaintiff has shown a brutal assault and serious physical injury to the student. See, e.g., Neal, 229 F.3d at 1071 (finding viable substantive due process claim where coach hit student in head with metal lock and knocked student's eye completely out of its socket, leaving it "destroyed and dismembered"); Kirkland v. Greene County Bd. of Ed., 347 F.3d 903, 904 (11th Cir. 2003) (finding viable substantive due process claim where principal repeatedly struck student with metal cane on the head, ribs, and back, leaving a large knot on student's head and causing him to suffer continuing migraine headaches).

### 3.  Plaintiff's Allegations Fail to State A Viable Substantive Due Process Claim

Plaintiff's allegations fall far short of the allegations set forth in the cases set forth above, including T.W., Peterson and Dacosta, where the Eleventh Circuit concluded that the plaintiff had failed to establish a substantive due process violation.

The only specific allegation Plaintiff makes regarding Pickens' conduct directed specifically toward her is that Pickens sprayed her with Lysol and put her out in the hall after she passed gas in class. (Compl., ¶ 12).  This allegation falls

squarely within the rubric of a claim arising out of corporal punishment. Regarding the need for application of corporal punishment, at the very least, the conduct alleged by Plaintiff in this instance "is capable of being construed as an attempt to serve pedagogical objectives" such as restoring order and maintaining discipline. T.W., 610 F.3d at 600. Concerning the relationship between the need and amount of punishment administered, Pickens' actions "was [not] totally unrelated to the need for the use of force." Id. (punctuation and citation omitted). In addition, the complaint is devoid of any allegation of physical injury to Plaintiff arising out of this incident.

Plaintiff's remaining allegations are so vague that it is difficult to assess whether many of them fall within the rubric of corporal punishment or non-corporal punishment. Regardless, Plaintiff's substantive due process claim fails.[1]

For example, Plaintiff's allegations that Pickens screamed at her students every day, cursed at students and used vulgarities in front of them (Compl., ¶ 12) are insufficient to state a substantive due process claim. In Cosco v. School Board of Seminole County, Fla., 639 F.Supp.2d 1295, 1302, 1304 (M.D. Fla. 2009), the plaintiff alleged that his teacher would "yell at" him at the bus stop and "routinely

---

[1] At least one district court within the Eleventh Circuit has employed the framework for excessive corporal punishment claims to non-corporal punishment clams. Atlanta Independent School System v. S.F. , 740 F.Supp.2d 1335, 1353 (N.D. Ga. 2010).

curse at G.C. and other classmates" with developmental disabilities. Rejecting this claim, the court held that "the use of foul or belittling language does not amount to a violation of a plaintiff's constitutional rights" because "[v]erbal abuse is normally not a constitutional violation." Id. at 1304 & n. 14 (quoting Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000)). See also Abeyta By and Through Martinez v. Chama Valley, 77 F.3d 1253, 1255, 1258 (10th Cir. 1996) (holding no substantive due process claim where teacher called sixth grade student a prostitute for month and a half).

Plaintiff's allegations that Pickens burped in students' faces, shook and pressed her breasts in students' faces, pressed her buttocks into students' faces and passed gas (Compl., ¶ 12) at the very least fall within the range of teacher conduct "that is neither corporal punishment nor so conscious-shocking as to trigger a substantive due process violation." T.W., 610 F.3d at 599.

Finally, Plaintiff has failed to allege any physical injury as a result of Pickens' alleged conduct. The absence of any such allegation of physical injury alone bars Plaintiff's substantive due process claim. Peterson, 504 F.3d at 1337-38; Neal, 229 F.3d at 1076. Plaintiff's sparse allegations of psychological harm in the Complaint pale in comparison to the psychological injuries that the Eleventh

Circuit has deemed insufficient to support a substantive due process claim.   T.W., 610 F.3d at 601-02; Mahone, 377 Fed.Appx. at 916.

Based on the foregoing, Plaintiff's substantive due process claim against Pickens should be dismissed.

### C.   Pickens Is Entitled To Qualified Immunity On Plaintiff's Substantive Due Process Claim

Qualified immunity "protects government officials performing discretionary functions from civil trials and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Lassiter v. Alabama A&M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992)); Purcell v. Toombs County, Georgia, 400 F.3d 1313, 1319 (11th Cir. 2005).

The Eleventh Circuit has held that this inquiry is undertaken "in light of the specific context of the case, not as a broad general, proposition, in an effort to ensure that before [public officials] are subjected to suit, [they] are on notice their conduct is unlawful." Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1269 (11th Cir. 2003) (citing Hope v. Pelzer, 536 U.S. 730, 739 (2002), Saucier v. Katz, 533 U.S. 194, 206 (2001) and Vinyard v. Wilson, 311 F.3d 1340, 1349 (11th Cir. 2002)) (internal quotation marks omitted).   Accordingly, "the salient question . . . is whether the state of the law [at the time of the

unconstitutional act] gave [public employees] fair warning that their alleged treatment of [the plaintiff] was unconstitutional." <u>Williams</u>, 341 F.3d at 1270.

Except in rare cases, whether such fair warning has been given depends on the case law. <u>Williams</u>, 341 F.3d at 1270.   "While 'some broad statements of principle in case law are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts,' more often, the facts are so material to the violation at issue that such generalized principles are insufficient, and we must look to precedent that is factually similar to the case at hand. <u>Id</u>. (quoting <u>Vinyard</u>, 341 F.3d at 1350).   A motion to dismiss asserting qualified immunity should be granted if the "complaint fails to allege the violation of a clearly established constitutional right." <u>Chesser v. Sparks</u>, 248 F.3d 1117, 1121 (11th Cir. 2001) (internal quotation marks and citation omitted).

In this case, Pickens is entitled to qualified immunity on Plaintiff's substantive due process claim for several reasons.    First, Plaintiff cannot identify any Supreme Court or Eleventh Circuit case that has found a substantive due process violation under facts even remotely similar to the allegations in this case, especially in light of the fact that Plaintiff has not identified <u>any</u> physical injury. <u>Neal</u>, 229 F.3d at 1076 ("But the kind of minor injury suffered by a student during the administration of traditional corporal punishment will rarely, if ever, be the

kind of injury that would support a federal due process claim for excessive corporal punishment under the test we adopt today").

Second, Plaintiff cannot identify any Supreme Court or Eleventh Circuit case that has even articulated the framework under which a substantive due process claim in the school setting should be analyzed where the use of force at issue does not constitute corporal punishment.  Indeed, the Eleventh Circuit has expressly declined to announce such a standard.  T.W., 610 F.3d at 599 ("This Court has yet to articulate the analysis that applies when a school official's use of force does not constitute corporal punishment. . . .We need not determine the precise analysis we should employ in evaluating whether the use of force by a school official rises to" the "shocks the conscience" level).   Accord S.S. v. Princeton House Charter School, Inc., --- F.Supp.2d ---, 2012 WL 5562762, at *3 (M.D. Fla. Nov. 15, 2012) ("The Eleventh Circuit has not yet articulated a standard that applies when a school official's use of force does not constitute corporal punishment").

Finally, to the extent that Plaintiff suggests that she should be allowed to pursue her substantive due process claim based solely on alleged psychological injuries, the Eleventh Circuit has not determined whether a substantive due process claim based solely on psychological injuries is cognizable.  T.W., 610 F.3d at 601, 602 ("This Court has never considered whether corporal punishment that causes

only psychological injuries can amount to a violation of substantive due process. . . . It is clear that '[p]laintiffs have not fared well where psychological damage forms either the sole basis of or is an element of the plaintiff's substantive due process claim'. . . .We need not decide whether corporal punishment that causes only psychological harm is categorically below the constitutional threshold") (citation omitted). See also Mahone, 377 Fed.Appx. at 916 (holding that plaintiff's injuries "do not rise to the level of severity to support a violation of substantive due process" where plaintiff did not suffer any physical injury but alleged that he suffered from post-traumatic stress disorder and other psychological injuries because of defendant's conduct); S.S., 2012 WL5562762, at * 4 & n. 8 ("As troubling as psychological injuries can be, however, courts rarely find a psychological injury sufficient to meet § 1983's high threshold") (citing cases).

Based on the foregoing, Pickens is entitled to qualified immunity on Plaintiff's substantive due process claim, and this claim against Pickens therefore should be dismissed.

## D.   Pickens Is Entitled To Official Immunity

In addition, Plaintiff's state law claims against Pickens in her individual capacity are barred by official immunity.

The doctrine of official immunity provides that, while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless they act with actual malice or with actual intent to cause injury in the performance of their official functions. Peterson, 504 F.3d at 1339 (citing Gilbert v. Richardson, 264 Ga. 744, 452 S.E.2d 476, 483 (1994)); Adams v. Hazelwood, 271 Ga. 414, 520 S.E.2d 896, 898 (1999); Merrow v. Hawkins, 266 Ga. 390, 391, 467 S.E.2d 336 (1996).

A ministerial act is "simple, absolute, and definite" and requires that the actor merely exercise a specific duty. Johnson v. Gonzalez, 223 Ga. App. 646, 647, 478 S.E.2d 410, 411-12 (1996).  A discretionary act, on the other hand, "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Id.

Georgia courts have held that supervising and disciplining school children constitute discretionary acts. Gamble v. Ware County Board of Education, 253 Ga. App. 819, 820-21, 824, 561 S.E.2d 837 (2002) (decision to discipline student on charge that he engaged in sexual misconduct on bus was discretionary act because "[w]e have previously found that supervising and disciplining school children constitute discretionary acts") (citing cases); Dollar v. Dalton Public Schools, 233

Ga.App. 827, 829, 505 S.E.2d 789 (1998) (holding that tasks imposed on teachers to monitor, supervise, and control students is discretionary action protected by official immunity); Crisp County School System v. Brown, 226 Ga.App. 800, 516, 487 S.E.2d 512 (1997) ("[t]he Georgia courts have consistently held that making decisions regarding the means used to supervise school children is a discretionary function of the school principal") (internal quotation marks and citation omitted).

In the context of official immunity, "actual malice requires a deliberate intention to do wrong and denotes express malice or malice in fact." Adams, 520 S.E.2d at 898.    Furthermore, "actual intent to cause injury" requires "an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury." Peterson, 504 F.3d at 1339 (quoting Kidd v. Coates, 271 Ga. 33, 518 S.E.2d 124, 125 (1999)).

In this case, Pickens was engaging in the discretionary acts of monitoring, supervising, disciplining and/or controlling her students at the time of the alleged conduct described in the Complaint.    Moreover, the Complaint does not contain allegations sufficient to demonstrate an intent by Pickens to harm Plaintiff. Although Plaintiff alleges that Pickens "acted with actual malice and/or outside the scope of her permissible discretion as a public school teacher" (Compl., ¶ 49), this

allegations alleges actual malice <u>or</u> action by Pickens outside the scope of her permissible discretion.

Even if this allegation can be construed as a specific allegation of actual malice, Georgia courts have emphasized in the context of official immunity that simply sprinkling the complaint with bare allegations of "malice" or bare allegations that the defendant was performing "ministerial" duties does not suffice to strip an official of his official immunity, without some evidentiary support for such allegations. <u>See</u> <u>Davis v. Dublin City Bd. of Ed.</u>, 219 Ga. App. 121, 122, 464 S.E.2d 251 (1995); <u>Truelove v. Wilson</u>, 159 Ga. App. 906, 908, 285 S.E.2d 556 (1985). Here, Plaintiff's allegations are based solely on an administrative conclusion that Pickens engaged in the described conduct toward students in her classroom and Plaintiff's belief that Pickens may have directed the described conduct toward Plaintiff as well. For this reason, Plaintiff only alleges "upon information and belief" that Pickens engaged in the described conduct toward her. (Compl., ¶ 21). Under these circumstances, Plaintiff has not and cannot make any allegations of actual malice sufficient to overcome Pickens' official immunity.

Based on the foregoing, Plaintiff's state law claims against Pickens are barred by official immunity.

**E.    Plaintiff's Official Capacity Claims Against Pickens Should Be Dismissed**

**1.    Plaintiff's Official Capacity § 1983 Claim Against Pickens Should Be Dismissed As Duplicative Of Her § 1983 Claim Against The School District**

Plaintiff has sued Pickens not only in her individual capacity, but also in her official capacity. (Compl., ¶ 6). Plaintiff's § 1983 substantive due process claim against Pickens in her official capacity is duplicative of her § 1983 substantive due process claim against the School District, and thus this federal claim should be dismissed. See, e.g., Kentucky v. Graham, 473 U.S. 159, 166 (1985); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

**2.    Plaintiff's Official Capacity Tort Claims Against Pickens Are Barred By Sovereign Immunity**

Concerning Plaintiff's state law tort claims against Pickens in her official capacity, suits against public employees in their official capacities are in reality suits against the public entity itself, and therefore implicate sovereign immunity. Cameron v. Lang, 274 Ga. 122, 126, 549 S.E.2d 341 (2001); Gilbert, 264 Ga. at 750). Plaintiff's state law tort claims against Pickens in her official capacity are in reality state law tort claims against the Fulton County School District and thus are barred by sovereign immunity. Id.

## II.    CONCLUSION

For all the reasons set forth herein, Plaintiff's claims against Pickens should be dismissed in their entirety.

Respectfully Submitted,


**FREEMAN MATHIS & GARY, LLP**


\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  770.818.0000
F:  770.937.9960
E:  mackourey@fmglaw.com
    bbuechner@fmglaw.com
690942

Attorneys for Defendant Pickens

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14 point type face.

**FREEMAN MATHIS & GARY, LLP**

\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T – 770.818.0000
F – 770.937.9960

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| REPHEKA PERSADI, by her legal guardian, FRANKA PERSADI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:12-cv-04072-TWT |
| THE FULTON COUNTY SCHOOL DISTRICT; FRANCES BOYD, in her individual and her official capacity as former Principal of Hopewell Middle School; and MELANIE PICKENS, in her individual and her official capacity as former Special Education teacher at Hopewell Middle School, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I have this day electronically submitted the foregoing **DEFENDANT MELANIE PICKENS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are as follows:

Craig T. Jones
Page Perry, LLC
1040 Crown Pointe Parkway, Suite 1050
Atlanta, GA 30338

Mark C. Harper
Mayer & Harper
127 Peachtree Street NE, Suite 1100
Atlanta, GA 30303

Todd E. Hatcher, Esq.
Brock, Clay, Calhoun & Rogers, LLC
400 Galleria Pkwy, Suite 1440
Atlanta, GA 30339

John D. Wales
John D. Wales, P.C.
3330 Cumberland Blvd. Suite 500
Atlanta, Georgia 30339

This 19th day of February, 2013.

/s/ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555