IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **REPHEKA PERSADI, by her legal Guardian, FRANKA PERSADI,** )<br>)<br>) | |
| ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** ) | |
| ) | **1:12-cv-04072-TWT** |
| **v.** ) | |
| ) | |
| **THE FULTON COUNTY SCHOOL DISTRICT; FRANCES BOYD, in her Individual and her official capacity As former Principal of Hopewell Middle School; and MELANIE PICKENS, in her individual and her official capacity as former Special Education teacher at Hopewell Middle School,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT FRANCES BOYD'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

**ARGUMENT AND CITATION OF AUTHORITY**

1. **Whether Defendant Pickens Deprived Plaintiff of Her Constitutional Rights is an Element of the Cause of Action Against Ms. Boyd Based Upon Her Supervisory Liability Under The Substantive Due Process Clause; If Plaintiff Fails To Establish This Element, Her Dependent Claim of Supervisory Liability Also Fails.**

Plaintiff's main contention in opposition to dismissal of her Substantive Due Process Claim appears to be the that Defendant Boyd did not address her supervisory liability, instead focusing on the underlying conduct on the part of Defendant Pickens.  Plaintiff ignores the fact that an essential element to a supervisory claim of liability for the constitutional deprivation is the *actual existence of a constitutional deprivation.* T.W ex rel. Wilson v. Sch. Bd. of Seminole County, Fla, 610 F.3d 588, 601-602 (11th Cir. 2010);  Hackett v. Fulton County Sch. Dist., 238 F.Supp.2d 1330, 1358 (N.D. Ga 2002).  As detailed in her original Brief in Support of Her Motion To Dismiss the Complaint (Doc. 10), Defendant Boyd explained why, on the facts of this case, a Substantive Due Process violation is not recognized in this Circuit.  Plaintiff makes no attempt to provide factual detail to this Court as to why her claim is not distinguishable from the facts of T.W. ex rel. Wilson, supra., which also involved allegations of physical and psychological abuse of a special needs student.  Instead Plaintiff points to the decisions in J.A. ex rel. Abelove v. Seminole County Sch. Bd., No. 605CV975ORL31DAB, 2005 WL 3093407 (MD. Fla, 11/18/05), and A.B. ex rel. Baez v. Seminole County Sch. Bd., No 6:05CV802ORL31KRS, 2005 WL 2105961 (M.D. Fla, 8/31/2005), in support of her contention that she has stated a claim for a Substantive Due Process violation.  Upon review of both J.A., supra,

and A.B., supra, both appear to involve students who also were in Kathleen Garrett's classroom, classmates and teacher of T.W., supra. Without explaining why the facts of this case are closer to the facts contained in J.A. supra, and A.B., supra than to T.W., supra, or why this Court should follow the holdings of the Middle District of Georgia rather than the more recent holding of the Eleventh Circuit Court of Appeals, Plaintiff argues that these two cases are factually distinguishable from the present matter. Implicit in her argument is the assumption that the Eleventh Circuit Court of Appeals would have upheld the court's decision in both J.A., supra, and A.B., supra, thereby distinguishing them from T.W., supra. The Plaintiff ignores the fact that the allegations of burping, screaming, cursing, passing gas, spraying with Lysol and shaking breasts and buttocks in fact does not rise to the level of "conscience shocking" activity which gives rise to a cause of action under the Substantive Due Process Clause under the case law established by the Eleventh Circuit.

    Plaintiff does not address Defendant Boyd's showing that her failure to allege specific damages, which is a key component of Substantive Due Process analysis within the context of teacher misconduct, is yet another reason why Plaintiff cannot show her claim to be plausible.

## 2. **Ms. Boyd Is Entitled To Qualified Immunity for All Federal Constitutional Violations; There Is No Clearly Established Right To Be Free Of The Conduct Alleged In This Complaint**

Plaintiff has failed in her burden of showing that Defendant Boyd is not entitled to qualified immunity.  See, Lewis v. City of W. Palm Beach, Fla, 561 F.3d 1288, 1291 (11th Cir., 2009), cert. denied, 130 S.Ct. 1503 (2010).  Unable to come up with a showing that Plaintiff had a clearly established right to be free, *under the Constitution*, from the acts alleged in the Complaint, the Plaintiff has failed to establish that Ms. Boyd is not entitled to qualified immunity.

It appears to be the Plaintiff's argument that Ms. Boyd's entitlement to qualified immunity for her supervisory functions exists in a vacuum separate and distinct from the issue of whether there is an underlying constitutional violation. Without being on notice of the underlying constitutional violation, Ms. Boyd could not be aware that any duties under the Constitution have been triggered. "Qualified immunity protects government officials performing discretionary functions from civil trials (*and the other burdens of litigation, including discovery*) and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Lassiter v. Alabama A&M University, Bd. of Trustees, 28 F.3d, 1146, 1149 (11th Cir. 1994)(italics added) , quoting, Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738,

73 L.Ed.2d 396 (1982).   "For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." Id., quoting, Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).  Without being on notice that Defendant Pickens' conduct fell under the ambit of a Substantive Due Process violation, Ms. Boyd was not required to act under the Constitution.  Given the holdings in T.W., supra,  as well as the other case law cited in Defendant Boyd's original brief in support of this motion (Doc. 10), Defendant Boyd could not have been on notice from 2004-2007 that Repheka had a "clearly established right" under the Substantive Due Process Clause.  In fact, the case law establishes that this right does not in fact exist.

Plaintiff argues that this is one of those cases where the rule determining the underlying conduct to be unconstitutional has been identified with such sufficient clarity that a factually similar case is not necessary to put the government actor on notice of a constitutional violation, citing, Vinyard v. Wilson, 311 F.3d 1340, 1351 (11th Cir. 2002).  However, the Court in Vinyard went on to explain that under this prong of qualified immunity analysis, the cases under this prong are based on

broad legal principles in which few facts are material. Id. "But for judge-made law, there is a presumption against wide principles of law. And if a broad principle in case law is to establish clearly the law applicable to a specific set of facts facing a governmental official, it must do so 'with obvious clarity' to the point that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." Id. Here, the question is not whether a government official may sell a child into slavery, for which a materially similar case is unnecessary (See Plaintiff's Brief in Opposition at page 18, Doc. 16), but whether the acts described in the Complaint fall under a violation of the Substantive Due Process Clause.  Given the case law set forth in Defendant Boyd's original Brief in Support of Her Motion to Dismiss (Doc. 10), all which contain very fact specific analysis in determining whether the actions of a teacher against a student rise to the level of a Substantive Due Process violation, there is clearly no "broad principal of law" which clearly establishes Plaintiff's freedom, under the Constitution, to be free from the conduct described in the Complaint.

### 3. **Plaintiff Has Failed in *Her* Burden of Rendering Plausible the Allegation that Defendant Boyd Acted With Actual Malice In Her Actions Towards Plaintiff**

In the original brief in support of her motion to dismiss Defendant Boyd showed the Court why Plaintiff failed to plead any claim under state law against Boyd, as the facts allege do not support a plausible finding of actual malice (Doc. 10). In response, Plaintiff makes no attempt to argue that she has alleged sufficient or non-contradictory facts that support her legal conclusion of "actual malice." Instead, she argues that the official immunity afforded to government employees by the Georgia Constitution is an affirmative defense which must be pleaded and proved by Defendant. In support, Plaintiff cites Collier v. Whitworth, 205 Ga. App. 758, 759, 423 S.E.2d 440, 441 (1992). By citing this lone 20 year old decision, Plaintiff ignores the more recent holdings establishing that similar to the Sovereign Immunity applicable to the School District, and similar to the Qualified Immunity applicable to individuals for federal violations, Official Immunity is in fact an analogous "threshold issue" that must be addressed before a lawsuit may proceed." Cosby v. Lewis, 308 Ga. App.668, 672, 708 S.E.2d 585, 588 (2011), citing, Cameron v. Lang, 274 Ga. 122, 123(1), 549 S.E.2d 341, 342 (2001).

In her Brief in Opposition, Plaintiff further bolsters Ms. Boyd's argument by asserting, at page 23, fn 2 (Doc 16):

> *Unlike the School District's sovereign immunity, which is a "threshold issue" that must be overcome by Plaintiff to even assert a claim. See Watson v Georgia Dep't of Corr.*, 285 Ga. App 143, 144, 645, S.E.2d 629, 631 (2007). Because the District itself clearly has sovereign immunity under Georgia law, Plaintiff has asserted no state claims against it, but sovereign immunity is not a defense to the federal civil rights claim. *Id*.

(Italics added).

In Watson, supra, cited by Plaintiff, it was held that sovereign immunity was a "threshold issue." It was also noted that sovereign immunity was not an affirmative defense, and therefore *the plaintiffs* had the burden of proving that sovereign immunity was abrogated. Id. Plaintiff makes no attempt to distinguish the burden of proving official immunity from that of sovereign immunity, each "threshold issues" and a review of the case law makes clear that she cannot do so. The case law is consistent in holding that the Plaintiff bears the burden of proving that a defendant acted with the actual malice necessary to overcome such official immunity. For example, Smith v City of Atlanta, 1:11-cv-765-TWT ( N.D.Ga., decided September 27, 2011), involved a motion to dismiss a Complaint alleging that public officials acted with actual malice. The Court granted Defendants' motion to dismiss the state claims, noting that the plaintiff must show that the public officer acted with actual malice, the complaint therein was devoid of such claims, nor was such a claim plausible. In Murphy v. Bajjani, 282 Ga. 197, 647

S.E.2d 54 (2007), a motion for judgment on the pleadings was granted as Plaintiff's allegations of actual malice were interpreted to be "deliberate acts of wrongdoing done with reckless disregard for the safety of others," and not the requisite "intent to cause the harm suffered by the plaintiffs."  282 Ga. at 203, 647 S.E.2d at 60.  Accord, Anderson v. Cobb, 258 Ga. App 159, 160, 573 S.E.2d 417, 419 (2002)( Plaintiff must show that Defendant acted with the deliberate intent to commit a wrongful act or with the deliberate intent to harm her).

Plaintiff's assertion that she has "sufficiently plead claims battery and intentional infliction of emotional distress under state law" is of no import to Defendant Boyd, as no such claim is made against her.  See, Complaint at ¶¶ 45-49 (Doc. 1).  Furthermore, Plaintiff raises no argument in contravention to Ms. Boyd's showing that the Complaint fails to state any cause of action against her which is premised upon negligence.

## CONCLUSION

Based upon the foregoing, Ms. Boyd prays that the instant Court dismiss the Complaint against her in its entirety, together with such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of March, 2013

**LAW OFFICES OF
JOHN D. WALES, P.C.**
Attorneys for Defendant Frances Boyd

*/s/ John D. Wales*
**John D. Wales, Esq.**
Georgia Bar No. 730785

*/s/ Linda A. Holz*
**Linda A. Holz, Esq.**
Georgia Bar No. 445021

3330 Cumberland Boulevard
Suite 500
Atlanta, Georgia 30339
Telephone (770) 850-2545
Facsimile  (770) 850-2548
wales@johndwales.com
holz@johndwales.com

## CERTIFICATE OF COMPLIANCE

This is to certify that this **DEFENDANT FRANCES BOYD'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT** has been prepared using Times New Roman font, 14 point type, which is one of the fonts and print selections approved by the Court in L.R. 5.1C.

This 4th day of March, 2013

                                                **LAW OFFICES OF
JOHN D. WALES, P.C.**
Attorneys for Defendant Frances Boyd

*/s/ John D. Wales*
**John D. Wales, Esq.**
Georgia Bar No. 730785

*/s/ Linda A. Holz*
**Linda A. Holz, Esq.**
Georgia Bar No. 445021

3330 Cumberland Boulevard
Suite 500
Atlanta, Georgia 30339
Telephone (770) 850-2545
Facsimile  (770) 850-2548
wales@johndwales.com
holz@johndwales.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **REPHEKA PERSADI, by her legal Guardian, FRANKA PERSADI,** ) ) ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** ) | |
| ) | **1:12-cv-04072-TWT** |
| **v.** ) | |
| ) | |
| **THE FULTON COUNTY SCHOOL DISTRICT; FRANCES BOYD, in her Individual and her official capacity As former Principal of Hopewell Middle School; and MELANIE PICKENS, in her individual and her official capacity as former Special Education teacher at Hopewell Middle School,** ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2013, I electronically filed the foregoing **DEFENDANT FRANCES BOYD'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT** using CM/ECF, which will automatically send email notification of such filing to the following attorneys of record:

> Craig T. Jones, Esq.
> Mark C. Harper, Esq.
> Mary Anne Ackourey

William H. Buechner
Todd E. Hatcher

                      **LAW OFFICES OF**
                      **JOHN D. WALES, P.C.**
                      Attorneys for Defendant Frances Boyd

                      */s/ Linda A. Holz, Esq.*
                      **Linda A. Holz, Esq.**
                      Georgia Bar No. 445021
                      3330 Cumberland Boulevard
                      Suite 500
                      Atlanta, Georgia 30339
                      Telephone (770) 850-2545
                      Facsimile  (770) 850-2548
                      holz@johndwales.com