IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REPHEKA PERSADI, by her legal guardian, FRANKA PERSADI, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION FILE NO. 1:12-cv-04072-TWT |
| THE FULTON COUNTY SCHOOL DISTRICT; FRANCES BOYD, in her individual and her official capacity as former Principal of Hopewell Middle School; and MELANIE PICKENS, in her individual and her official capacity as former Special Education teacher at Hopewell Middle School, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT MELANIE PICKENS' REPLY BRIEF
IN SUPPORT OF HER MOTION TO DISMISS**

COMES NOW Melanie Pickens, a Defendant in the above-referenced case, and files this, her Reply Brief in Support of her Motion to Dismiss.

As shown below, Plaintiff has failed to demonstrate that her claims should survive dismissal. More specifically, Plaintiff has failed to show that she has stated a viable substantive due process claim or that Pickens should be stripped of qualified immunity as to that claim. Plaintiff also failed to demonstrate that

Pickens should be stripped of official immunity with respect to her state law claims. Accordingly, Pickens' Motion to Dismiss should be granted in its entirety.

### I.   ARGUMENT AND CITATION OF AUTHORITY

#### A.   Plaintiff Has Failed To Demonstrate That Her Substantive Due Process Claim Should Survive Dismissal

In asserting that she has successfully pled a viable substantive due process claim, Plaintiff relies on J.A. ex rel. Abelove v. Seminole County School Board, 2005 WL 3093407 (M.D. Fla. 2005) and A.B. ex rel. Baez v. Seminole County School Board, 2005 WL 2105961 (M.D. Fla. 2005). However, the same judge who issued the decisions in J.A. and A.B. recently recognized that those case are not as relevant as T.W. ex rel. Wilson v. Sch. Bd. of Seminole County, Fla., 610 F.3d 588, 598 (11th Cir. 2010). S.S. v. Princeton House Charter School, Inc., --- F.Supp.2d ---, 2012 WL 5562762, at *3 n.5 (M.D. Fla. Nov. 15, 2012).

Plaintiff's response brief does not even attempt to discuss her allegations within the analytical framework set forth in T.W., much less attempt to distinguish T.W. from the allegations contained in the Complaint in this case. Indeed, the allegations of abuse in T.W. that the Eleventh Circuit concluded were insufficient to establish a substantive due process claim were far more severe than the allegations Plaintiff has made in this case, and Plaintiff has failed to demonstrate otherwise. Moreover, Plaintiff has failed to cite any authority for the proposition

2

that verbal abuse such as cursing at students or screaming at students may constitute a constitutional violation.

Finally, as stated in Pickens' initial brief, the absence of any allegations of physical injury <u>alone</u> bars Plaintiff's substantive due process claim. <u>Mahone v. Ben Hill County School System</u>, 377 Fed.Appx. 913, 916 (11th Cir. 2010); <u>Peterson v. Baker</u>, 504 F.3d 1331,1337-38 (11th Cir. 2007); <u>Neal v. Fulton County Board of Education</u>, 229 F.3d 1069, 1076 (11th Cir. 2000).

Based on the foregoing, Plaintiff's substantive due process claim against Pickens should be dismissed.

**B. Plaintiff Has Failed To Demonstrate That Pickens Should Be Stripped Of Qualified Immunity On Plaintiff's Substantive Due Process Claim**

Plaintiff has failed to identify any Supreme Court or Eleventh Circuit case that has found a substantive due process violation under facts even remotely similar to the allegations in this case, especially in light of the fact that Plaintiff has not identified <u>any</u> physical injury. Nor has Plaintiff identified any Supreme Court or Eleventh Circuit case that has even articulated the framework under which a substantive due process claim in the school setting should be analyzed where the use of force at issue does not constitute corporal punishment. In addition, Plaintiff has failed to cite any Supreme Court or Eleventh Circuit case holding that a

substantive due process claim based solely on psychological injuries is cognizable.

Instead, Plaintiff relies on an alleged constitutional "rule already identified by the decisional law" that teachers cannot "abuse children, whether under the guise of corporal punishment or otherwise." (Pl.'s Brief, pp. 18-19).[1] However, even subsequent to Hope v. Pelzer, 536 U.S. 730 (2002), the Supreme Court and Eleventh Circuit have continued to emphasize that the qualified immunity inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam) (citation omitted); Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011) (en banc).

Moreover, even if the general proposition offered by Plaintiff could be sufficient to strip Pickens of qualified immunity (which it is not) – the cases cited by Plaintiff do not articulate any such general proposition. Instead, the case law cited by Plaintiff relate to allegations of <u>sexual molestation</u> of a student by a teacher.

For example, in Davis v. DeKalb County, 995 F.Supp. 1478, 1483 (N.D. Ga. 1998), aff'd, 223 F.3d 1367 (11th Cir. 2000), a teacher sexually molested the

---

[1] Plaintiff's suggestion that an allegation that a teacher passed gas in her student's faces is equivalent to selling foster children into slavery for purposes of qualified immunity analysis (Pl.'s Brief, p. 17) is patently absurd.

plaintiff by engaging in sodomy with her on two occasions and oral sex on another occasion. The district court granted summary judgment in favor of the school district and the principal on her Title IX and § 1983 claims on the ground that the plaintiff failed to demonstrate that they knew, should have known or were deliberately indifferent to the fact that the teacher was sexually molesting the plaintiff and two other students. The Eleventh Circuit affirmed these rulings on appeal. Davis does not address whether there is a substantive due process right to be free of sexual molestation. In any event, the Complaint in this case does not contain any allegations of sodomy, oral sex or sexual molestation, and Plaintiff's reliance on Davis therefore is inapposite.

In Doe v. Taylor Independent School District, 15 F.3d 443, 455 (5th Cir.), cert. denied, 513 U.S. 815 (1994), also cited by Plaintiff, the plaintiff had a sexual relationship with a teacher. The Fifth Circuit held that the plaintiff had a substantive due process right not be to subjected to sexual molestation and statutory rape and that this right was clearly established. Id. That case cannot be relied upon to strip Pickens of qualified immunity because it is axiomatic that only cases from the Supreme Court, the Eleventh Circuit or the highest court of a state can clearly establish constitutional rights for purposes of qualified immunity. See, e.g., Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011); Amnesty

International, USA v. Battle, 559 F.3d 1170, 1184 (11th Cir. 2009).  In any event, Doe is inapposite because there is no allegation in the Complaint that Pickens had a sexual relationship with Plaintiff.

Finally, Plaintiff contends that Pickens should be stripped of qualified immunity on the basis of Nix v. Franklin County School District, 311 F.3d 1373, 1378 (11th Cir. 2002), cert. denied, 538 U.S. 946 (2003).  (Pl.'s Brief, p. 19). However, Nix involved the death of a high school student cause by electric shock during a voltage-reading demonstration by his teacher.  The Eleventh Circuit rejected the substantive due process claim in that case on the ground that mere negligence is not sufficient to establish a substantive due process claim. Id. at 1376.  The facts set forth in Nix are not even remotely related to the allegations asserted by Plaintiff against Pickens in this case.

Based on the foregoing, Plaintiff has failed to demonstrate that Pickens is not entitled to qualified immunity of her substantive due process claim, and this claim should be dismissed.

### C.  Plaintiff Has Failed To Show That Pickens Should Be Stripped Of Official Immunity On Her State Law Claims

Plaintiff suggests in her response brief that she is only required to plead sufficient facts to state a plausible claim and that she is not obligated to plead facts regarding official immunity because official immunity is merely an "affirmative

6

defense that must be pled by Defendant and not Plaintiff." (Pl.'s Brief, p. 20). This is an incorrect statement of the law.

It is axiomatic that "official immunity is not a mere defense, but rather is *an entitlement not to be sued* that must be addressed as a threshold matter before a lawsuit may proceed." Cosby v. Lewis, 308 Ga.App. 668, 672, 708 S.E.2d 585 (2011) (citing Cameron v. Lang, 274 Ga. 122, 124(1), 549 S.E.2d 341 (2001)) (emphasis in original). When invoked by a defendant in the context of a motion to dismiss, the burden is on the plaintiff to demonstrate that the allegations in the complaint are sufficient to overcome official immunity. See, e.g., Murphy v. Bajjani, 282 Ga. 197, 198-204, 647 S.E.2d 54 (2007) (affirming trial court's grant of motion for judgment on the pleadings based on official immunity); Chisholm v. Tippens, 289 Ga.App. 757, 759-60, 658 S.E.2d 147 (2008) (affirming trial court's dismissal of claims against individual defendants based on official immunity); Jordan v. Randolph County Schools, 2009 WL 1410082, at *9 (M.D. Ga. 2009) (dismissing state law claims against individual defendants on grounds of official immunity).

Plaintiff then points out that the Complaint sufficiently alleges that Pickens acted with the specific intent to injure Plaintiff. (Pl.'s Brief, p. 21) (citing Complaint, ¶ 22). However, the plaintiff must allege that the defendant acted with

the intent to cause the injury allegedly suffered by the plaintiff. See, e.g., Murphy, 282 Ga. at 203; Smith v. Lott, 317 Ga.App. 37, 44, 730 S.E.2d 663 (2012); Jordan, 2009 WL 1410082, at *9. In this case, the Complaint is devoid of any allegation that, in the absence of any physical injury to Plaintiff, Pickens intended to cause the amorphous psychological harm to Plaintiff alleged in the Complaint.

Accordingly, Plaintiff's state law claims against Pickens should be dismissed on the ground of official immunity.

## II.   CONCLUSION

For all the reasons set forth herein, Plaintiff's claims against Pickens should be dismissed in their entirety.

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  770.818.0000
F:  770.937.9960
E:  mackourey@fmglaw.com
    bbuechner@fmglaw.com

Attorneys for Defendant Melanie Pickens

## **CERTIFICATE OF FONT SIZE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14 point type face.

**FREEMAN MATHIS & GARY, LLP**

\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T – 770.818.0000
F – 770.937.9960
713221

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REPHEKA PERSADI, by her legal guardian, FRANKA PERSADI, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION FILE NO. 1:12-cv-04072-TWT |
| THE FULTON COUNTY SCHOOL DISTRICT; FRANCES BOYD, in her individual and her official capacity as former Principal of Hopewell Middle School; and MELANIE PICKENS, in her individual and her official capacity as former Special Education teacher at Hopewell Middle School, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I have this day electronically submitted the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT MELANIE PICKENS' MOTION TO DISMISS** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are as follows:

Craig T. Jones
Page Perry, LLC
1040 Crown Pointe Parkway, Suite 1050
Atlanta, GA 30338

Mark C. Harper
Mayer & Harper
127 Peachtree Street NE, Suite 1100
Atlanta, GA 30303

Nina Gupta
Nelson Mullins Riley & Scarborough, LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363

John D. Wales
John D. Wales, P.C.
3330 Cumberland Blvd. Suite 500
Atlanta, Georgia 30339

This 25th day of March, 2013.

/s/ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555