IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REPHEKA PERSADI by her legal guardian, Franka Persadi, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE FULTON COUNTY SCHOOL DISTRICT, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:12-CV-4072-TWT |

**OPINION AND ORDER**

In this civil rights action, the Plaintiff contends that she was subjected to abusive treatment while a special-needs student at Hopewell Middle School. She is suing the abusive teacher, the principal of Hopewell at the time, and the county school district. The principal, Frances Boyd, filed a cross-claim against the county school district, its superintendents, and its board, arguing that they are required to provide for her legal defense. However, Boyd's contract with the school district did not require the district to provide Boyd with a defense, and her claims against the school district, its superintendents, and its board should be dismissed.

T:\ORDERS\12\Persadi\mtdtwt.wpd

## I. Background

This case stems from allegations that a former Fulton County School District teacher, Defendant Melanie Pickens, was abusive toward the special needs students in her class at Hopewell Middle School, including the Plaintiff Repheka Persadi, who is severely disabled.[1] Persadi, through her guardian, filed suit against the Fulton County School District, Frances Boyd, as an individual and in her official capacity as the former principal of Hopewell Middle School, and Melanie Pickens, in her individual capacity as well as in her official capacity as the former special education teacher at Hopewell Middle School. Persadi seeks to recover from Pickens for violations of her substantive due process rights, from Boyd through a theory of supervisory liability, and from the School District via Monell liability.[2] She also brings state law claims against Pickens and Boyd.[3]

Boyd answered Persadi's complaint and filed a counterclaim against Persadi for damages under O.C.G.A. § 20-2-1000.[4] Boyd also brought cross-claims against the Fulton County School District for breach of contract, for a declaratory judgment, and

---

[1]   (Compl. ¶¶ 20-21).

[2]   (Id. at ¶¶ 25-44).

[3]   (Id. at ¶¶ 45-53).

[4]   (Boyd Amended Answer, [Doc. 45], ¶ 13).

for a writ of mandamus.[5] Finally, Boyd filed a third-party complaint against Third-Party Defendants Robert Avossa, James Wilson, Cindy Loe, Linda Schultz, Linda Bryant, Katie Reaves, Gail Dean, Linda McCain, Catherine Maddox, and Julia Bernath (the "Third-Party Defendants").[6] Boyd brings the same claims against the individual Third-Party Defendants as she does against the school district, but also seeks to establish that the Third-Party Defendants are liable under O.C.G.A. § 36-33-4.[7]

Both the School District and the Third-Party Defendants seek to dismiss Boyd's claims under Rule 12(b)(6). They argue that Boyd released any claims against the School District in the August 2007 Settlement Agreement she signed after the district investigated her role in the alleged abuse at issue in this case. They further argue that nothing in Boyd's employment contract required them to provide her with a defense in this lawsuit. Finally, they argue that Boyd's request for a writ of mandamus is procedurally and substantively inappropriate.

---

[5]   (Id. at ¶¶ 95-103).

[6]   (Id. at 36, ¶¶ 5-14).

[7]   (Id. at ¶¶ 104-115).

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[8] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[9] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[10] Generally, notice pleading is all that is required for a valid complaint.[11] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[12]

---

[8]   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[9]   Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[10]   See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[11]   See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[12]   See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

## III. Discussion

### A.     Boyd's Claim for Breach of Contract

The School District and the Third-Party Defendants argue that Boyd has not stated a claim for breach of contract. In Georgia, to sufficiently allege a breach of contract, a plaintiff must show a more than minimal breach of the contract and resulting damages against the plaintiff.[13] Boyd contends that the School District and the Third-Party Defendants "acted arbitrarily, capriciously and unreasonably in providing all other named defendants (other than Pickens) a legal defense in this matter, while denying same to Boyd."[14] As Boyd was a paid employee at the time of the incidents at issue, she argues she is entitled to the professional liability policy benefit available to all employees. However, that policy explicitly provides the school board with discretion as to whether to provide for a defense:

> The Board also purchases liability insurance, in an amount determined by the Board and subject to such exclusions and other limitations as the Board deems appropriate, insuring employees against claims for damages arising out of the performance of their duties as employees of the Board.
>
> To the extent permitted by Georgia law, the Board in its discretion may pay the amount of any deductible specified in a liability insurance policy and may pay attorneys' fees and other expenses which are not otherwise

---

[13]    TechBios, Inc. v. Champagne, 301 Ga. App. 592, 595 (2009).

[14]    (Boyd Amended Answer ¶ 97).

>     covered by insurance and which are incurred by an employee in defending against any civil action brought against the employee alleging acts or omissions arising out of or otherwise connected with the performance of his/her duties, regardless of whether such action has been brought or concluded during the term of his/her employment. Such payments shall not be made to any employee who has interests in the litigation that are adverse to those of the Board; or who has acted in violation of Board policy or procedure; or whose acts or omissions giving rise to such liability involve ... commission of any other civil or criminal offense against the Board, its members, employees or students.[15]

This language unambiguously shows that the School District and the Third-Party Defendants were under no obligation to provide Boyd with a legal defense. The passage specifically states that the Board *may* pay for attorneys' fees *in its discretion*. Likewise, the provision of liability insurance itself is contingent upon any limitations the Board deems appropriate. There is no mandatory language in the passage. Boyd contends that the settlement agreement she signed with the School District in 2007 required the School District to provide her with any employee benefits, including the professional liability insurance and indemnity. But the plain language of the policy does not require the School District or the Third-Party Defendants to provide Boyd with a defense or any professional liability benefit; it only states that the Board may

---

[15] (Def. Fulton County School District's Mot. to Dismiss, Ex. 1). It is appropriate for the Court to consider the professional liability policy in the instant motions to dismiss because the policy is central to Boyd's claim for breach of contract and because Boyd does not challenge its authenticity. See Kwok v. Delta Air Lines, Inc., No. 1:13-cv-1713, 2014 WL 106223, at *2 (N.D. Ga. Jan. 10, 2014).

provide a defense. Because the settlement agreement only provided that Boyd would continue to receive employee benefits until her retirement, and because a legal defense is not a guaranteed employee benefit, Boyd's claim for breach of contract should be dismissed.

### B. Boyd's Claim for a Declaratory Judgment

Boyd seeks a declaratory judgment that she has a right to a legal defense and indemnity from both the School District and the Third-Party Defendants. Because the Court concludes that neither the School District nor the Third-Party Defendants are required to provide Boyd with a legal defense and indemnity, Boyd's claim for a declaratory judgment should be dismissed.

### C. Boyd's Claim for a Writ of Mandamus

The Third-Party Defendants and the School District argue that a writ of mandamus is procedurally improper here. In general, federal courts do not have the authority to issue writs of mandamus against state entities and officials.[16] Instead of arguing to the contrary, Boyd asked the Court to re-characterize her claim for a writ of mandamus as a request for injunctive relief following the School District and the Third-Party Defendants' denial of Boyd's due process rights.

---

[16] Church of Scientology of Georgia, Inc. v. City of Sandy Springs, Ga., 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) (citing 28 U.S.C. § 1361).

Boyd's claim for a writ of mandamus should be dismissed for at least two reasons. First, Boyd cannot attempt to amend her complaints to seek injunctive relief in a response to a motion to dismiss, and she has not sought to amend under Rule 15(a).[17] But even if Boyd had properly amended her complaints, she has not alleged facts to support a claim for a deprivation of due process rights. To establish such a claim in the Eleventh Circuit, Boyd would have to prove that she was deprived of a constitutionally-protected interest, through state action, without constitutionally adequate process.[18] Boyd argues she was denied her protected interest in a legal defense as part of her employee benefits package. However, based on the language of the professional liability policy, Boyd could not have had a "legitimate claim of entitlement to" her prospective legal defense.[19] Because the School District always had the discretion to provide a legal defense, Boyd had no protected property interest in the defense.[20] Accordingly, Boyd's claim for a writ of mandamus, however styled, should be dismissed.

---

[17] See Brannen v. U.S., No. 4:11-cv-0135, 2011 WL 8245026, at *5 (N.D. Ga. Aug. 26, 2011) aff'd sub nom Jesse E. Brannen III, P.C. v. U.S., 682 F.3d 1316 (11th Cir. 2012).

[18] Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003).

[19] Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).

[20] See Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 756 (2005).

### D. Boyd's Claim Against the Third-Party Defendants Under O.C.G.A. § 36-33-4

Boyd claims that the Third-Party Defendants maliciously denied Boyd a legal defense and indemnification in violation of O.C.G.A. § 36-33-4. That statute provides that "[m]embers of the council and other officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers if done oppressively, maliciously, corruptly, or without authority of law."[21] The Third-Party Defendants argue that this statute does not apply to public school districts, superintendents, and members of local boards of education. Boyd agrees with the Third-Party Defendants' analysis of the statute, and did not devote any of her brief in opposition to the Defendants' motions to dismiss to pursuing a claim under O.C.G.A. § 36-33-4. Accordingly, Boyd's claim under that statute should be dismissed.

### IV. Conclusion

For the reasons set forth above, Cross-Defendant Fulton County School District's Motion to Dismiss Cross-Plaintiff Frances Boyd's Amended Cross-Claims [Doc. 51] is GRANTED. Likewise, Third-Party Defendants Robert Avossa, Cindy Loe, James Wilson, Linda Schultz, Linda Bryant, Katie Reaves, Gail Dean, Linda

---

[21] O.C.G.A. § 36-33-4.

McCain, Catherine Maddox, and Julia Bernath's Motion to Dismiss Third-Party Plaintiff Frances Boyd's Third-Party Complaint [Doc. 52] is GRANTED.

SO ORDERED, this 3 day of June, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge